**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2178
_____

THERESE AFDAHL,
                                        Appellant

v.

DR. FRANK CANCELLIERI, Dentist; KIESHA WILLIAMS, Dental Assistant;
DR. LOUIS COLELLA, Chief of Dental Services for the NJDOC;
SHELLY WILSON-HOWARD, Hospital Services Administrator for
Correctional Medical Services; CORRECTIONAL MEDICAL SERVICES
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 09-cv-01332)
District Judge:  Honorable Mary L. Cooper
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 23, 2012

Before:  AMBRO, FISHER and NYGAARD, <u>Circuit Judges</u>

(Filed: February 24, 2012)
_____

OPINION
_____

PER CURIAM

Therese Afdahl appeals pro se from the District Court's dismissal of her civil rights action brought pursuant to 42 U.S.C. § 1983. For the reasons that follow, we will affirm.

In March 2009, Afdahl initiated the underlying action, alleging violations of her constitutional rights in connection with dental treatment that she received while incarcerated at the Edna Mahan Correctional Facility ("EMCF"). In particular, Afdahl alleged that, in violation of the Eighth Amendment, the defendants acted callously and with reckless disregard by delaying a root canal procedure despite having personal knowledge of the pain and suffering she had been experiencing. She also asserted that her treatment was delayed in retaliation for her having previously complained about the manner in which dental care was provided, thus violating her First Amendment rights. She named the following as defendants: Dr. Frank Cancellieri; Kiesha Williams, Dental Assistant; Dr. Louis Colella, the Director of Dental Services at the New Jersey Department of Corrections; Shelly Wilson-Howard, Hospital Services Administrator for Correctional Medical Services; and Correctional Medical Services ("CMS").

The timeline regarding Afdahl's dental issue is important, so we set it out in some detail here. Afdahl developed a toothache on August 24, 2008, and thereafter submitted a Health Services Request Form. She was seen by a medical department nurse on August 27, 2008, given ibuprofen for pain, and informed that she would be scheduled for a dental appointment. On August 29, 2008, Afdahl was seen by Dr. Cancellieri and Dental Assistant Williams. An x-ray was taken and Afdahl was told that she needed a

2

root canal. Dr. Cancellieri prescribed 800 milligrams of ibuprofen, three times a day for pain, and asked Dental Assistant Williams to schedule the root canal procedure.

Because of continuing pain, Afdahl submitted a second Request Form on September 3, 2008, seeking an expedited scheduling of the root canal. Afdahl asserted that Wilson-Howard, the Hospital Services Administrator for CMS, was notified about her "pain and suffering" on September 4, 2008. Shortly thereafter, Dental Assistant Williams informed Afdahl that her root canal treatment would not be scheduled for at least another week and that she would not receive any additional ibuprofen. Afdahl claims that she was called to the dental department on September 8, 2008. At that time, Dental Assistant Williams told Afdahl that she would not receive ibuprofen following the root canal procedure if she chose to take more while she was waiting for treatment to begin. Afdahl opted for the pain relief medication to help her cope. On September 9, 2008, Afdahl was seen by the attending physician in the medical department and was prescribed Vicodin because of a concern over possible side effects from the amount of ibuprofen she had been taking. The next day, Afdahl wrote a letter to Dr. Colella, asking for intervention and assistance in obtaining treatment for what she believed had become "an emergency medical situation." On September 15, 2008, Afdahl spoke to a prison official, asking for assistance in being treated by the dental department, and she submitted yet another Request Form.

Dr. Cancellieri began the root canal procedure on September 16, 2008, and told Afdahl that the area being worked on was infected. According to Afdahl, Dr. Cancellieri

3

did not prescribe oral antibiotics, but apparently did apply medication and a temporary filling to the affected tooth. Afdahl was called back for further root canal work on October 15, 2008. During the procedure, Dr. Cancellieri observed pus in the infected area, but again did not prescribe oral antibiotics. Afdahl wrote a second letter to Dr. Coletta "begging for intervention." On October 19, 2008, Afdahl began to experience extreme pain. The next day, Afdahl observed swelling in her face. The medical department was contacted and Afdahl was again given ibuprofen. She also submitted another Request Form.

Afdahl showed her swollen face to a nurse on October 21, 2008, and was seen by a dentist later that day. An x-ray revealed that a cyst had formed over the infected tooth, and she was prescribed oral antibiotics. Her root canal treatment continued on October 30, 2008. By November 24, 2008, most of the temporary filling that had been put into place had come out and Afdahl submitted another Request Form seeking dental attention. Afdahl's root canal treatment was completed on November 26, 2008.

In screening Afdahl's complaint, the District Court dismissed Afdahl's First Amendment claims sua sponte under 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1), concluding that Afdahl's concern about the mere possibility that the defendants would

4

engage in retaliatory behavior failed to state a claim upon which relief could be granted.[1]

Afdahl's Eighth Amendment claims were permitted to proceed. The defendants responded to the complaint by filing motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). In a Memorandum Opinion and Order entered on December 22, 2009, the District Court dismissed the claims brought against CMS and Dr. Colella in his official capacity, but denied the motions to the extent they concerned claims against Dr. Cancellieri, Dental Assistant Williams, Wilson-Howard, and Dr. Colella in his individual capacity. With respect to Afdahl's contention that CMS should be liable for its failure to establish a scheduling system ensuring that emergency cases receive priority consideration, the District Court concluded that respondeat superior cannot be a basis for § 1983 liability. The District Court also held that Afdahl failed to allege a custom or policy on the part of CMS permitting a delay between the determination that treatment was necessary and the actual start of treatment.

At the close of discovery, the defendants filed motions for summary judgment. In a Memorandum Opinion and Order entered on April 4, 2011, the District Court granted the defendants' motions and entered summary judgment in their favor. The District Court concluded that the record evidence established that Afdahl was provided with

---

[1] Although we afford Afdahl's filings a liberal construction, we conclude that she has waived any challenge to the District Court's dismissal of her retaliation claim because she failed to meaningfully raise this issue in her opening brief. United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005) ("It is well settled that an appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal.").

dental care throughout the entire period at issue in her complaint. "Although the speed of that care was, undoubtedly, less than exemplary," the District Court found that "the delays asserted by [Afdahl] cannot amount to anything more than a claim of medical malpractice or negligence." Since the dental care provided by Dr. Cancellieri and Williams was found not to have offended constitutional standards, the District Court concluded that it need not reach Afdahl's claims regarding Wilson-Howard's and Colella's supervisory obligations to direct speedier treatment.[2] This timely appeal followed.

We have jurisdiction under 28 U.S.C. § 1291. "We review district court decisions regarding both summary judgment and dismissal for failure to state a claim under the same de novo standard of review." Barefoot Architect, Inc. v. Bunge, 632 F.3d 822, 826 (3d Cir. 2011). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotations omitted). Summary judgment is proper where, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine

---

[2] The District Court also determined that the defendants' actions in prescribing 800 milligrams of ibuprofen, three times a day, did not violate Afdahl's constitutional rights. We will not address this issue, however, because Afdahl makes clear that she had no intention of presenting such a claim, but merely referenced the amount of ibuprofen she was taking daily and the adverse effects it was causing her in an attempt to demonstrate the amount of pain she was in throughout the period in question. See Appellant's Informal Br., 5.

dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); Kaucher v. Cnty. of Bucks, 455 F.3d 418, 422-23 (3d Cir. 2006).

Pursuant to the Eighth Amendment's prohibition on cruel and unusual punishment, prison officials are required to provide basic medical treatment to inmates. Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).  In order to show a violation of the Eighth Amendment's ban on cruel and unusual punishment, a prisoner must show that prison officials were deliberately indifferent to the prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976).  "To act with deliberate indifference to serious medical needs is to recklessly disregard a substantial risk of serious harm."  Giles v. Kearney, 571 F.3d 318, 330 (3d Cir. 2009).  For instance, a plaintiff may make this showing by establishing that the defendants "intentionally den[ied] or delay[ed] medical care."  Id. (quotation marks omitted).  However, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law."  United States ex rel. Walker v. Fayette Cnty., 599 F.2d 573, 575 n.2 (3d Cir. 1979) (internal quotation marks omitted).

It is not disputed that Afdahl's dental condition presented an objectively serious medical condition.  Nevertheless, we agree with the District Court that the conduct of the defendants does not amount to deliberate indifference.  The record demonstrates that Afdahl received ongoing treatment for her dental condition from the date that she

7

reported a toothache (August 24, 2008) until the root canal procedure was completed (November 26, 2008). During that period, she was treated by prison medical personnel numerous times. For instance, on August 27, 2008, Afdahl was seen by a nurse, given ibuprofen, and scheduled for a dental appointment. That appointment occurred two days later, at which time Dr. Cancellieri took x-rays, directed that Afdahl be scheduled for a root canal procedure, and prescribed more ibuprofen. Ten days later, Dental Assistant Williams provided Afdahl with more ibuprofen. The next day, September 8, 2008, an attending physician prescribed Vicodin because of Afdahl's continued complaints about pain and the side effects from the ibuprofen. The root canal procedure began on September 16, 2008, continued on October 15 and October 30, 2008, and was completed on November 26, 2008. In between the procedures, Afdahl's complaints about pain and swelling were promptly addressed through appointments with additional dentists, further x-rays, and prescriptions for ibuprofen and oral antibiotics.[3]

In addition, Afdahl's complaints about delayed treatment are belied by Dr. Cancellieri's sworn affidavit. In that affidavit, Dr. Cancellieri stated that the "care provided to Ms. Afdahl was time consuming, and required numerous visits." Indeed, upon diagnosing the need for a root canal, Dr. Cancellieri informed Afdahl that the "treatment involves multiple treatments and can be time consuming." According to Dr.

---

[3] Although Afdahl claims that these were "the first antibiotics ever prescribed in the over fifty-seven (57) days since infection was first evident due to pain experienced," she conceded that Dr. Cancellieri applied medication and a temporary filling directly to the affected tooth.

Cancellieri, "[a]ny perceived delays are typical in a dental setting," "[i]mmediate dental treatment, unlike other medical conditions, generally do[es] not result in death," and "discomfort is merely a universal symptom of a dental issue." Under these circumstances, and viewing the undisputed facts in the light most favorable to Afdahl, we find no evidence to show that Dr. Cancellieri and Dental Assistant Williams recklessly disregarded a serious risk to Afdahl's health.

Because the care provided by Dr. Cancellieri and Dental Assistant Williams did not offend constitutional standards, we agree that Dr. Colella and Wilson-Howard did not have an obligation to direct a different or speedier course of treatment. We add only the following. According to the complaint, Wilson-Howard, the Hospital Services Administrator for CMS, was notified by prison medical personnel about Afdahl's "pain and suffering" on September 4, 2008. Notably, however, Afdahl failed to allege that Wilson-Howard had reason to believe that her condition was not being treated. Where, as here, "a prisoner is under the care of medical experts . . ., a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004).

Dr. Colella, the Director of Dental Services at the New Jersey Department of Corrections, likely cannot be classified as a non-medical prison official. Nevertheless, Dr. Colella explained in a declaration that he does not perform any dental work on patients and that, while he can make suggestions as to the proper course of treatment, he is not authorized to give binding orders to CMS staff. Afdahl claimed that she wrote to

9

Dr. Colella seeking his help in obtaining dental treatment. But, contrary to Afdahl's assertion that Dr. Colella failed to act upon her complaints, Dr. Colella stated that upon receiving Afdahl's letter, he reviewed her medical file and observed that "the course of treatment that addressed [her] complaints had already begun." Dr. Colella noted this fact in a letter to Afdahl. Thus, we conclude that the District Court properly granted summary judgment in favor of Dr. Colella.[4] See Inmates of Allegheny Cnty. Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979) (courts will "disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment . . . (which) remains a question of sound professional judgment." (citations omitted)).

The District Court also properly rejected Afdahl's claims against CMS, Dr. Colella, and Wilson-Howard. In her complaint, Afdahl alleged that CMS, the contractor that provided medical care at the prison, failed to establish a scheduling system to ensure that emergency cases are properly prioritized. As the District Court explained, however, liability under § 1983 cannot be based solely upon the doctrine of respondeat superior. See Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 583 (2003). To establish

_____

[4] In addition, the District Court properly dismissed the claims brought against Dr. Colella in his official capacity. It is well-settled that state officials acting in their official capacities, like states themselves, are not amenable to suit for damages under § 1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 & n.10 (1989); see also Fitchik v. N.J. Transit Rail Operations, Inc., 873 F.2d 655, 660 (3d Cir. 1989) ("federal litigants cannot get damages from the state treasury by suing a state officer in his or her official capacity"). In addition, to the extent that Afdahl sought a declaration that Dr. Colella violated her constitutional rights, her claim must fail because it is based on alleged past violations. See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993).

10

liability on the part of CMS, Afdahl would have to demonstrate that it had an established policy or custom that resulted in the alleged constitutional violations at issue. Id. at 583-84. Because Afdahl did not allege that CMS imposed any such policy or custom, the District Court properly dismissed her claims against CMS.

For the foregoing reasons, we will affirm the judgment of the District Court.[5]

---

[5] We grant the motion filed by Appellees Dr. Cancellieri, Dental Assistant Williams, and Wilson-Howard for leave to file Volume II of the Supplemental Appendix under seal. To the extent that Afdahl challenges the District Court's denial as moot of her motion to compel discovery and to impose sanctions, there was no abuse of discretion.